SAGE *vs.* HAZARD.

6b        179
e 40 Mis²407

On the 2d of December, 1846, H. agreed to charter to S., and S. agreed to take from him, the ship Jessore, then on her passage from Havre to New-York. She was to be laden with flour by S. for Liverpool or London. And it was further agreed that should the said vessel arrive in New-York on or before the 10th of the said month of December, then the agreement was to be in full force, but should she not arrive on or before that time, S. had the option of *continuing* the agreement or not. The vessel did not arrive until the 28th of December, and S. on that day elected to continue the agreement. In an action by S. against H. for the non-performance of the contract on his part ; *Held* that the promise of S. to charter the vessel furnished a good consideration for the promise on the part of H. ; it being a case of mutual promises.

*Held also,* that the option reserved to S., of continuing the agreement, or not, terminated on the 11th of December, and could not be exercised after the arrival of the vessel, on the 28th.

There are cases where an option reserved to a party may be exercised within a reasonable time, and what is a reasonable time is a question of fact for the jury.

But such a question can not arise where the agreement itself can be fairly construed to settle the time at which the option is to be determined. It then becomes a question of law for the court. *Per* HURLBUT, J.

DEMURRER to the first count of the plaintiff's declaration. The declaration alledged that on the 2d of December, 1846, the defendant agreed to charter unto the plaintiff, and the plaintiff

Sage v. Hazard.

agreed to take of and from the defendant, the ship Jessore, of New-York, at that time on her passage from Havre to New-York, having cleared from Havre about the 24th of September; to load with a full cargo of flour from New-York to Liverpool or London, at the option of the plaintiff, for and at the rate of four shillings and six pence sterling per barrel, with five per cent primage; the vessel to go consigned to the friends of the plaintiff, at Liverpool or London. That it was further agreed that the plaintiff should receive a brokerage of one cent per barrel on the flour, and that should the said vessel arrive in New-York on or before the 10th of the said month of December, then the agreement was [to be] in full force; but should she not arrive on or before that time, the plaintiff had the option of continuing the agreement or not. And the plaintiff averred that the vessel arrived at New-York on the 28th of December; whereupon the plaintiff, on the same day, according to the meaning and effect of the said agreement, elected to continue such agreement; of all which the defendant had notice. Averment of a readiness and offer to perform, on the part of the plaintiff, and of a refusal by the defendant; concluding to the plaintiff's damage $5000. To this count the defendant demurred, and assigned the following causes of demurrer: 1. That the contract declared on terminated between the parties on the 10th of December, when the Jessore did *not* arrive. 2. That *the declaration stated a further agreement*, " but should she *not* arrive, on or before that time, the plaintiff had the option of continuing the agreement or not," but did not aver that he, in any way, on the 10th of December, or even the day following, gave notice whether he would continue the agreement or not; the vessel not arriving till the 28th of December, the plaintiff could *not* then elect to continue the agreement by notice, as averred, and on which notice alone the plaintiff founded his election, and which opportunity of election had passed eighteen days. 3. That on the whole count there was a portion of the contract counted on, left in abeyance, between the 10th of December, when the vessel did *not* arrive, and the 28th of December, when she did arrive, during which there was no mutuality

between the parties, for want of an election on behalf of the plaintiff to continue the agreement or not.

*G. R. J. Bowdoin,* for the plaintiff.

*W. Mulock,* for the defendant.

*By the Court,* HURLBUT, J.   On the 2d day of December, 1846, the defendant agreed to charter to the plaintiff, and the latter agreed to take from the defendant, the ship Jessore of New-York, which was at that time on her passage from Havre to New-York, having cleared from Havre about the 24th of September.   She was to be laden with flour for Liverpool or London, at certain rates of compensation for freight.   And it was further agreed, &c. *that should the said vessel arrive in New-York on or before the* 10*th of the said month of December, then the agreement was* [*to be*] *in full force—but should she not arrive on or before that time the plaintiff had the option of continuing the agreement or not.*   The vessel did not arrive until the 28*th of December,* and the plaintiff on that day elected to continue the agreement.

It is objected by the defendant, that this agreement wants consideration.   The promise of the plaintiff to charter the vessel furnished ample consideration for the defendant's undertaking.   It is a case of mutual promises, and although the obligation of the contract was partly optional as to one party, that is no objection, provided there was a good consideration to uphold the agreement.   (*Giles* v. *Bradley,* 2 *John. Cas.* 253. *Disborough* v. *Nelson,* 3 *Id.* 81.)   The true question arises upon the construction of the agreement set forth in the declaration.   The vessel not having arrived on the 10th of December, the plaintiff could not have been held to employ her after that day ; and all obligation on his part to the defendant ceased at that time, unless he volunteered to continue it.   The vitality of the agreement thenceforth depended upon the exercise of an option reserved to himself.   If he had elected to be further bound, and had notified the defendant of his election at a proper

Vreeland v. Blunt.

time, the contract would have become absolute, and binding upon both parties. "The plaintiff had the option of *continuing* the agreement or not." This is the language of the contract, and it seems to negative the idea that there might be a space of time between the 10th of December and the day when the vessel should arrive, during which neither party should be bound. The agreement was to cease after the 10th of December, unless it was *continued* by an exercise of the plaintiff's option. It was for him to carry the agreement forward, and insist upon its obligation from that day forth. It seems to us that his option ought to have been determined on the 11th of December.

There are cases, as suggested by the learned counsel for the plaintiff, where a similar option may be exercised within a reasonable time, and what that is may be a question of fact for the jury. But such a question can never arise where the agreement itself can be fairly construed to settle the time at which the option is to be determined. It then becomes a question of law for the court.

There must be judgment for the defendant on the demurrer, with leave to the plaintiff to amend on payment of costs.

---

SAME TERM. *Before the same Justices.*